**In re Lamar Barclay PINE, Sr., and Shirlene Tucker Pine, Debtors.**

**Melvin GILES and Wanda Giles, Debtors, Plaintiffs-Appellees,**

v.

**CREDITHRIFT OF AMERICA, INC., Defendant-Appellant.**

**No. 82–5243.**

United States Court of Appeals, Sixth Circuit.

Argued April 25, 1983.

Decided Sept. 7, 1983.

Rehearing and Rehearing En Banc Denied Nov. 14, 1983.

Richard J. McAfee, Miller & Martin, Lawrence Ahern III (argued), Chattanooga, Tenn., for defendant-appellant.

Mark T. Young (argued), Meldorf & Young, Ronald J. Berke (Pine) (argued), Chattanooga, Tenn., for plaintiffs-appellees.

Before MERRITT and KENNEDY, Circuit Judges, and WEICK, Senior Circuit Judge.

MERRITT, Circuit Judge.

These two cases have been consolidated on appeal for opinion because they present common issues of bankruptcy law. In the case of *Pine v. Credithrift of America, Inc.,* the Pines filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy

Code. They scheduled certain household goods as property of the estate and claimed the goods as exempt. Prior to the filing of the petition, Creditthrift of America, Inc. had obtained as security for a loan a non-possessory, non-purchase money security interest in the household goods of the Pines. The debtors filed a complaint in bankruptcy court seeking to have the security interest avoided under § 522(f) of the Bankruptcy Code. The Bankruptcy Court, 11 B.R. 595, ordered the lien avoided, and the District Court 18 B.R. 711 affirmed the ruling. Credithrift seeks to have their security interest reinstated, claiming that the State of Tennessee[1] has enacted legislation preventing the federal avoidance statute from operating in this case.

In *Giles v. Credithrift of America, Inc.*, the plaintiffs filed a Chapter 7 petition in bankruptcy listing various household goods as property of the estate and claiming the property as exempt. As in *Pine*, the Bankruptcy Court 9 B.R. 135 ordered that Credithrift's non-possessory, non-purchase money security interest in the debtor's household goods be avoided under 11 U.S.C. § 522(f), and the District Court, 18 B.R. 708 affirmed. Credithrift again maintains that Georgia's exemption statute precludes the use of the federal avoidance statute.

Section 522(f) of the Bankruptcy Code provides the debtor with a mechanism for preserving exemptions to which he would otherwise be entitled under § 522(b). Section 522(f) provides in relevant part that:

(f) [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—*

   \*    \*    \*    \*    \*    \*

(2) a nonpossessory, nonpurchase money security interest in any—

  (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. . . .

(Emphasis added.)

This section specifically allows the debtor to avoid only those liens which are on property that would otherwise be exempt under § 522(b). Thus, the avoidance power only comes into play after there has been a determination under § 522(b) of what property may be claimed as exempt.

Section 522(b) then provides for three alternative definitions of exempt property depending on the action of the states—(1) a federal "laundry list" of exemptions itemized in subsection (d) which applies in the absence of any state legislation; (2) the federal list as expressly modified by state legislation by reference to subsection (d); and (3) a new list of exemptions completely defined by state legislation without reference to the federal list contained in subsection (d). Those alternatives are incorporated in the following language of § 522(b):

(b) [A]n individual debtor may exempt from property the estate either—

(1) property that is specified under subsection (d) of this section [the federal list], unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or in the alternative,

(2)(A) any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition. . . .

11 U.S.C. § 522(b).

Section 522(b) emerged from Congress as a compromise. The Senate wished to preserve the prerogative of the states to set exemptions for debtors as had been the practice under the old Bankruptcy Act. The House of Representatives, on the other hand, sought to create nationwide uniform-

---

1. It is undisputed that the laws of Tennessee should be applied in *Pine* and that the laws of Georgia are applicable in *Giles*.

ity by establishing one list of exemptions contained in the federal Bankruptcy Code. Acting on a conference committee report, Congress passed a compromise bill containing elements of each plan. Section 522(d) contains a "laundry list" of federal exemptions which the debtor may choose instead of the relevant state exemptions.[2]

Both Georgia and Tennessee have "opted out" of the federal list entirely under the alternative provided in subsection (b)(2)(A). The states require that their residents exempt property only under their exemption statutes.[3] The Georgia exemption statute provides in relevant part that:

> [A]ny debtor ... may exempt ... for the purposes of bankruptcy ...
>
> (4) The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances ... that are held for the personal, family or household use of the debtor or a dependent of the debtor. The exemption of the debtor's interest in the items contained in this subsection shall not exceed $3500 in total value....

The Tennessee legislature has also enacted a statute containing a specific list of exemptions for debtors in bankruptcy. T.C.A. § 26–2–102 provides as follows:

> Personal property to the aggregate value of four thousand dollars (4000.00) debtor's equity interest shall be exempt from execution, seizure or attachment ... [The debtor] may select for exemption the items of the owned and possessed personal property ... up to the aggregate value of four thousand dollars (4000.00) debtor's equity interest.

The two legislatures have specifically declined to exempt household goods to the extent that they are encumbered by a lien. The Georgia statute refers only to the "debtor's interest" in property and the Tennessee statute refers to the "debtor's equity interest" when delineating the exempt property. Rather than simply listing the type of possessions that are exempt (e.g., the debtor's car) without regard to legal interests or specifying generally that the "debtor's property" is exempt, these two states have said that only the debtor's legal *interest* is exempt. In other words, the debtor may exempt only that interest in property which is owned by him and unencumbered by third party liens.

The debtors in these cases argue that the states may not circumvent the federal avoidance statute by excluding encumbered property from the state's lists of exemptions. They maintain, and the courts below so concluded, that the state's prerogative to opt out of the federal exemption program is limited to specifying the particular items of property—e.g., a car, musical instruments, furniture—and the dollar amounts. Basically, the debtors argue that the states may not specify the types of property interest which qualify for exemptions.

The narrow question before us is whether the word "property" in subsection (b)(2)(A) includes the subdivision of "property" into legal interests or means property in the layman's sense. We believe that the word "property" is used to denote legal interests since the Act throughout characterizes property in terms of various security and other interests. The lawyers who drafted, and the legislators who passed the code understand that property means a bundle of rights in property; and there is no reason to think that they intended to use the word in a sense different from its normal legal meaning.

---

2. Section 522(d) lists eleven categories of federal exemptions including household goods.

3. T.C.A. § 26–2–112 provides as follows:
*Exemptions for the purpose of bankruptcy.* —The personal property exemptions as provided for in this part, and the other exemptions as provided in other sections of the Tennessee Code Annotated for the citizens of Tennessee, are hereby declared adequate and the citizens of Tennessee, pursuant to section 522(b)(1), Public Law, 95–598 known as the Bankruptcy Reform Act of 1978, Title 11 USC section 522(b)(1), are not authorized to claim as exempt the property described in the Bankruptcy Reform Act of 1978, 11 USC § 522(d).
Georgia has passed a similar statute. *See* Ga. Code Ann. § 51–1601.

The Fifth Circuit has reviewed precisely the same issue in *Matter of McManus,* 681 F.2d 353 (5th Cir.1982). The Louisiana legislature passed an exemption statute opting out of the federal exemption scheme. In addition, the Louisiana statute contains a provision which specifically states that household goods and furnishings which are subject to a chattel mortgage are not exempt. The Fifth Circuit found that Section 522(b)'s authorization to states to enact exclusive exemption plans includes the option to exclude encumbered property. The Fifth Circuit concluded that 522(f) could not be utilized by the debtor to avoid the liens on household goods because the liens "do not impair an exemption to which they would otherwise be entitled under section 522(b)." *Id.* at 357. We agree with the Fifth Circuit that section 522(f) cannot be utilized independently of § 522(b); the debtors may avoid liens only on that property which the states have declared to be exempt.

We recognize that there are policy arguments which would support a different legislative scheme. A purpose of the Bankruptcy Act was to ensure that debtors be able to make fresh starts after bankruptcy. The wiser policy may be to prevent lending institutions from using threats that they will repossess items, worthless to all but the debtor, to force the repayment of loans. *See* S.Rep. No. 95–989, 95th Cong., 2d Sess. 76, U.S.Code Cong. & Ad.News 1978, pp. 5787, 5862. But the clear language of the statute takes precedence over the more general rehabilitative policies underlying the Act. By enacting the "opting out" scheme without limitation, the legislators expressed their preference for state control of exemptions. We cannot say in the face of the statutory language that Congress intended that § 522(f) should limit the states in their choice of the types of property interests debtors could exempt. The courts below erred because they placed almost exclusive emphasis on legislative history supporting the original version of § 522 as adopted by the House of Representatives. That version was not the law that was finally passed. The legislative history which supports the rejected version is not particularly

persuasive on the meaning of the final version. When the language itself is clear, it should be followed in preference to legislative history supporting a different statute.

For these reasons, we reverse the decisions of the District Court and remand these cases for the reinstatement of the security interests of Credithrift of America, Inc.