**In re Ida ROEHRIG, Debtor.**

**Bankruptcy No. 3–83–00884(B).**

United States Bankruptcy Court,
W.D. Kentucky.

Oct. 13, 1983.

Ellen G. Friedman, Legal Aid Society of Louisville, Louisville, Ky., for debtor.

Associates Financial Services was not represented by counsel.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

On September 16, 1983, the Court herein issued an order overruling the debtor's motion to avoid the nonpossessory, nonpurchase money security interest of Associates Financial Services on certain household goods claimed exempt by debtor pursuant to 11 U.S.C. § 522(f). The Court based its ruling upon *Pine v. Credithrift of America, Inc.,* 717 F.2d 281 (6th Cir.1983), and *In Re Wells,* No. 3–82–01881 (Bkrtcy., W.D.Ky., 1983) (unpublished), which disallowed the avoidance of such liens due to the non-exempt status of the encumbered property pursuant to 11 U.S.C. § 522(b) and applicable state exemption law, KRS 427.010(4).

The debtor herein filed a motion on September 26, 1983, to alter or amend the September 16, 1983 ruling or, alternatively, to be granted a new trial to determine whether the creditor's nonpossessory, nonpurchase money security interest in household goods and wearing apparel can be avoided pursuant to Code provisions, 11 U.S.C. § 522(b) and (f), and the Kentucky exemption provision, KRS 427.010(4).

The issues set forth by movant herein involve: (1) whether KRS 427.010(4) is unconstitutional under the Supremacy Clause; (2) whether the application of KRS 427.-010(4) is an unconstitutional retroactive taking of property without due process of law; (3) whether the contract creating the security interest is enforceable on the grounds of unconscionability; and (4) whether creditor's failure to timely object to property claimed exempt by debtor mandates that such property be deemed exempt for purposes of lien avoidance under 11 U.S.C. § 522(f).

Debtor's first challenge involves the constitutionality of a Kentucky statute, KRS 427.010(4), as it relates to the Supremacy Clause. Debtor's assertion that KRS 427.010(4) is unconstitutional under the Supremacy Clause was an issue expressly rejected in *Pine v. Credithrift of America, Inc., supra,* wherein the Court interpreted sister states' statutes similar to KRS 427.010(4) and found said statutes constitutional. Although debtor raises this issue in the motion, the issue is not seriously relied upon, movant recognizing the applicability of *Pine, supra.*

Debtor secondly asserts that applicability of KRS 427.010(4), which prevents avoidance of debtor's lien on household goods in this instance, is an unconstitutional retroactive taking of property without due process of law. The sequence of dates material to this issue must herein be set forth.

On May 16, 1979, the nonpurchase money, nonpossessory lien attached to debtor's household goods pursuant to a loan arrangement and security agreement of that date. The Bankruptcy Code, including 11 U.S.C. § 522(f) which provides the elective remedy of avoiding such liens, became effective October 1, 1979. Pursuant to the authority contained in 11 U.S.C. § 522(b), Kentucky elected to opt out of the federal exemption scheme. This bankruptcy petition was filed May 3, 1983, and the motion to avoid the lien pursuant to § 522(f) was filed August 11, 1983. At the time the lien was created on May 16, 1979, the debtor's right to exempt property was totally dependent upon state law. Under Kentucky law then existing, a lien on household goods was valid and such property was not exempt to the extent of the balance then due and owing. Whether the lien resulted from a purchase money security interest or from a nonpossessory, nonpurchase money lien, the lien was valid since the distinction between these two transactions related solely

to the issue of proper perfection under applicable state law.

Upon the adoption of the Bankruptcy Code effective October 1, 1979, validly perfected nonpossessory, nonpurchase money liens on property specifically denoted in 11 U.S.C. § 522(f) became voidable at the election of the debtor to the extent that the debtor could have pleaded said property exempt under applicable federal or state law. Code provision § 522(b), which must be read in conjunction with the rights under § 522(f) as denoted in *Pine v. Credithrift, supra,* delegated to the separate states the right of opting out of the federal exemption scheme. This election was exercised by the Kentucky legislature in adopting a comprehensive exemption statute effective April 9, 1980, which specifically precluded Kentucky residents from electing the federal exemption scheme pursuant to § 522(b)(1). Thereafter, by amendment KRS 427.010(4) was enacted effective July 15, 1982, which further provided that any property otherwise exempt under Kentucky law upon which a consensual lien had been granted was not exempt to the extent of the amount then due and owing on the indebtedness secured by such lien. Hence, by reference to the date of the filing of this petition on May 3, 1983, under Kentucky law the household goods owned by the debtor and subject to the nonpurchase money, nonpossessory lien were not exempt.

■ The debtor's claim that retroactive applicability of KRS 427.010(4) is a taking of property without due process is without merit. Under applicable state law the household goods in question were not exempt at the time the lien was created on May 16, 1979, nor were they exempt pursuant to the state's statutory exemption scheme on May 3, 1983, when this petition in bankruptcy was filed.

■ The third issue to be resolved relates to the unconscionability of the contract whereby the lien was created. This Court notes that the contract was entered on May 16, 1979, the date of inception of the security agreement and creation of the loan arrangement. The lien was not taken at the time for the renewal or extension of a pre-existing indebtedness. For a period of approximately four years, the contract was unchallenged as to the unconscionability of its terms or the scope of the property covered by the lien. As to complainant's analogy herein to the fresh start rationale for § 522(f) set forth in the Congressional Record, two distinguishing features must be noted: (1) the lien avoidance remedy of § 522(f) is an elective remedy; and (2) § 522(f) is available only to the limited extent that said lien impairs an exemption. As noted in *Pine v. Credithrift, supra,* at p. 284, "... § 522(f) cannot be utilized independently of § 522(b); the debtors may avoid liens only on that property which the states have declared to be exempt." Delegation of federal authority to the state pursuant to § 522(b) does not preclude a state from adopting a valid exemption scheme applicable to local residents which has the effect of nullifying the lien avoidance provision of § 522(f). When a nonpossessory, nonpurchase money lien rests upon a contract validly created under state law, the nonexempt status of property subject thereto when proceedings in bankruptcy are initiated does not cause the contract to become unconscionable.

The final issue presented, and the issue most vigorously asserted, suggests that property pleaded exempt by a debtor upon which timely objection is not made must be deemed exempt pursuant to 11 U.S.C. § 522(1) which reads, "(u)nless a party in interest objects, the property claimed as exempt on such list *is exempt.*" (Emphasis added.)

■ The debtor submits that since no objections were filed in this case, the property listed is "exempt" and the debtor may avoid the nonpossessory, nonpurchase money lien. This logic, if extended, would allow a debtor to claim any property as exempt notwithstanding limitations pursuant to the applicable federal or state exemptions merely because no objection was made. In effect, under this rationale the debtor could create a third class of exemptible property restricted only by timely-filed

objections. Such fantasy is not the law. Code provision 11 U.S.C. § 522 clearly denotes that a debtor shall be entitled to plead the federal exemptions set forth in § 522(d) *or* state exemptions enacted pursuant to § 522(b). Thus, the debtor's suggestion that any property claimed as exempt must be allowed irrespective of applicable federal or state exemption law is simply without foundation.

Accordingly, and for the above-denoted reasons, the debtor's motion to avoid the nonpurchase money, nonpossessory lien on the debtor's household goods is hereby overruled.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this 13th day of October, 1983.