**In re Bennie Lee VELASQUEZ, Kellie Ann Velasquez, husband and wife, Debtors.**

**Bankruptcy No. 84–01700.**

United States Bankruptcy Court, D. Idaho.

Dec. 27, 1984.

---

Dan Edwards, Suiter, Edwards & Gere, Eagle, Idaho, for debtors.

Charles B. Bauer, Lyons, Bohner, Chasan & Walton, Boise, Idaho, for Estate of John Gates.

## MEMORANDUM DECISION

M.S. YOUNG, Bankruptcy Judge.

Debtors seek an order avoiding a judicial lien on their mobile home and the land on which it is situated. The lien was recorded on August 15, 1984, by the Estate of John Gates. On September 5, 1984, debtors filed a Declaration of Homestead upon the same property. Debtors thereafter filed for relief under chapter 13 of the Bankruptcy Code.

Debtors base their request upon § 522(f) of the Bankruptcy Code which provides that a "debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien."

The Gates estate contends that because their lien would have priority over a later homestead exemption under Idaho law absent bankruptcy, the right to avoid their judicial lien provided by § 522(f) is ineffective. The Gates estate relies primarily upon *In re Pine*, 717 F.2d 281 (6th Cir. 1983). The *Pine* court held that § 522(f)(2) could not be used to avoid contractual liens on consumer good if state law limited the exemptions on said property to a *debtor's interest* in the property. To the extent of the lien, the debtor has no interest, according to the *Pine* court. *In re Maddox*, 713 F.2d 1526 (11th Cir.1983), held to the contrary.

I conclude that in view of the obvious intent of Congress as expressed in the statute and the congressional history, *Maddox* is the correct decision. The right to avoid the two types of liens specified do not exist in state law but are granted by the Bankruptcy Code. If the argument of the Estate of John Gates is accepted, the right to avoid a judicial lien would be totally ineffective in all states who opt out. The right of the states to bar the use of federal exemptions, which was explicitly granted, would give states the right to bar the use of § 522(f). Congress did not explicitly grant that right to the states and I will not imply it.

The obvious intent of Congress was to assist a debtor in his rehabilitation at the expense of judicial lien creditors and creditors holding consensual non-purchase money liens on consumer goods of the kind specified. The fact that under state law such liens would be effective is not material and is not related to the right to avoid such liens under § 522(f), anymore than it is related to the right granted to avoid liens under § 544 of the Code. The Code leaves Idaho homestead law intact as to nonavoidable liens, such as mortgages and trust deeds.

Furthermore, Idaho law does not limit the application of exemptions to the debtor's interest or equity in property. Because Idaho exemptions apply to property rather than to the debtor's interest, the result in *Pine* is not appropriate for Idaho law. Also, because Idaho exemption statutes exist independently of I.C. § 11–607(2), the application of § 522(f) is not affected by I.C. § 11–607(2).

I therefore hold that the judgment lien obtained by the Estate of John Gates in August, 1984 is avoidable to the extent it invades any value debtors have above other existing nonavoidable liens on their real property. If per chance debtors' equity in their real property upon which they claim their homestead exceeds the amount of other nonavoidable liens and the claimed exemption, the judgment lien will attach to such surplus.