**CREDITHRIFT OF AMERICA,
Creditor, Plaintiff,**

v.

**Mary Barbara LAWSON,
Debtor, Defendant,**

and

**United States of America, Intervenor.**

**Civ. A. No. 84–68.**

United States District Court,
E.D. Kentucky,
Frankfort Division.

Aug. 9, 1985.

Robert W. Kellerman, Frankfort, Ky., Bert T. Combs, Lexington, Ky., for plaintiff.

Tracey N. Bosomworth, Lexington, Ky., Allen L. Lear, U.S. Dept. of Justice, Washington, D.C., for defendant.

**370**

### ORDER

BERTELSMAN, District Judge.

This matter is before the court on an appeal from the decision of the bankruptcy judge invalidating KRS 427.010(4). The facts are not in dispute and are fully stated in *In Re Lawson,* 42 B.R. 206 (E.D.Ky. 1984).

The appellant creditor challenges in part the constitutionality of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (hereinafter the "Act") and asserts that the bankruptcy judge lacks jurisdiction to declare a state law invalid. The Attorney General of the United States intervened on the appeal and filed a lengthy memorandum in support of the validity of the statute. The court is of the opinion that the Act is constitutional for the reasons stated by the Attorney General and empowers the bankruptcy judge to pass on the constitutionality of the state statute.

However, the court further concludes that, although the scholarly opinion of the learned bankruptcy judge would have much to recommend it if it addressed a matter of first impression, it is contrary to the decisions of the United States Court of Appeals for the Sixth Circuit in *In Re Pine,* 717 F.2d 281 (6th Cir.1983), which in turn adopted the reasoning of the United States Court of Appeals for the Fifth Circuit in *In Re McManus,* 681 F.2d 353 (5th Cir.1982). This court agrees with the decision to that effect in *In Re Roehrig,* 36 B.R. 505 (W.D. Ky.1983) (upholding the Kentucky statute attacked here.) *Pine* was reaffirmed in *In Re Spears,* 744 F.2d 1225 (6th Cir.1984).

This court believes that the many and various considerations relevant to this issue have been fully expounded in the above opinions and because of the need of an expeditious decision on this issue will not undertake an exposition of the matter on its own. The court holds that the issue is controlled by the Sixth Circuit opinions cited above.

The decision of the bankruptcy judge appealed from is hereby reversed for further proceedings consistent with this opinion.