**468**

In re David D. CASEY, Felta M. Casey, Debtors.

Bankruptcy No. 3-85-01253.

United States Bankruptcy Court,
W.D. Kentucky.

Nov. 6, 1985.

Louis M. Nicoulin, Louisville, Ky., for debtor.

Mark H. Schultz, Louisville, Ky., for Century Finance Co.

William W. Lawrence, Louisville, Ky., trustee.

## ORDER

### MEMORANDUM-OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the court on the debtor's Motion to avoid a nonpossessory, non-purchase money lien on household goods pursuant to Section 522(f) to the extent said lien impairs debtor's exempt personal property.

Debtor further alleges said lien is invalid in that the Federal Trade Commission has established as an "unfair trade practice" the taking of nonpossessory, non-purchase money security interests in such property.

The creditor, Century Finance Company, objects to the Motion on the basis that KRS 427.010(4), the applicable state exemption statute, precludes such property subject to a consensual lien from being exempt to the extent of any balance due and owing the secured creditor. The creditor further asserts that the Federal Trade Commission ruling is effective only subsequent to the taking of the security interest herein in question and, accordingly, has no significance as to the lien in question.

■ It is acknowledged that this Motion is restricted solely to the avoidability of this consensual lien under the provisions of Section 522(f). As such, the debtor concedes that this court has previously held consensual liens may not be avoided under Section 522(f) where the state has 'opted' out of the federal exemptions and where the state exemption statute determines that property subject to a consensual lien is not exempt to the extent of the balance due thereon. This court, following the rationale of *Pine v. Credithrift*, 717 F.2d 281, 9

C.B.C.2d 271 (6th Cir.1983), held that the Kentucky exemption statute, as amended on July 15, 1982, precluded the applicability of Section 522(f) to such liens. *In re Roehrig*, 36 B.R. 505 (Bkrtcy.W.D.Ky.,1983). While this court is aware of the rationale set forth in *In re Lawson*, 11 C.B.C.2d 358, 42 B.R. 206 (Bkrtcy.E.D.Ky., 1984) which specifically rejects the holdings of the Sixth Circuit in *Pine v. Credithrift, supra,* and *In re Spears,* 744 F.2d 1225 (6th Cir.1984), it must be noted that *Lawson, supra* was reversed on appeal. *Credithrift of American v. Lawson,* 52 B.R. 369 (D.C.E.D.Ky. 1985).

Debtor further asserts that the Federal Trade Commission ruling deeming the taking of such liens as an 'unfair trade practice' places before the court the issue of the status to be given such a ruling.

Initially, the court notes that the only issue presented by the Motion to avoid the lien is the applicability of Section 522(f). If the debtor seeks to attack the validity of the creditor's lien under the FTC ruling, such issue should be initiated as an adversary proceeding seeking to challenge and negate the creditor's alleged security interest. The present case additionally questions the status to be afforded a lien created in the gap period after the promulgation of the ruling but prior to the Commission's stated effective date.

Here the lien was created on November 14, 1984, and the ensuing bankruptcy petition seeking relief under Chapter 13 of the Code was filed on May 29, 1985. The Federal Trade Commission issued its ruling that such liens constituted an 'unfair trade practice' on March 1, 1984, said regulations to become effective March 1, 1985. It is apparent that the lien in question came into existence in the 'gap' period between the announcement date and the effective date.

The debtor urges that the FTC's regulations should be given credence during the 'gap' period, citing *In re Pommerer,* 10 B.R. 935, 4 C.B.C.2d 766 (Bkrtcy.D.Mn., 1981); *In re Johnson,* 11 B.R. 909, 4 C.B.C.2d 909 (Bkrtcy.D.Ka., 1981), which held that parties to a security agreement are charged with the knowledge that their rights and remedies could be effected by newly enacted legislation.

In evaluating the effect of the Commissioner's ruling, the consequences of the Commission's finding that a course of conduct constitutes an 'unfair trade practice' must first be determined. The significance of such a ruling is set forth in Section 5(a)(1) of the Federal Trade Commission Act which states:

> "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce are hereby declared *unlawful.*" (Emphasis added.)

Thus, the effect of an 'unfair trade practice' ruling is to make unlawful the lien created by such tainted practice. Further, as noted in *Fed.Reg.* Vol. 49, No. 42 footnote 7, p. 7742:

> "When Congress created the Commission's unfairness authority, it deliberately framed that authority in general terms. Congress felt that any attempt to list all 'unfair ... acts or practices' could leave loopholes for evasion of the law. Also Congress did not intend the meaning 'unfair' to be static. It was expected that the underlying criteria would evolve and develop over time."

Here the debtor seeks to avail itself of the substantive effect of the Commission's ruling while distinguishing the equally clear and expressed effective date of such ruling. It can hardly be argued the Commission did not contemplate that such liens would continue to be created between the promulgation and effective date. Nor did the Commission leave to judicial interpretation the status of liens created in this gap period. To adopt the interpretation proposed by the debtor would negate the Commission's action in adopting an effective date, since the effective date set by the Commission under this thinking would have absolutely no meaning or purpose. The cases cited by the debtor in support of this proposition were those judicial interpreta-

tions of Code provisions which lacked clarity or expressed intent of Congress in the substantive application of certain provisions or remedies contained therein. No such judicial interpretation or interference is needed here. Clearly the proscribed course of conduct constituting an 'unfair trade practice' is effective only on or after the effective date specifically selected by that body defining the complained of activity.

Accordingly, and for the above cited reasons, the debtor's Motion to avoid the lien be and it is hereby overruled.

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure. This is a final Order and there is no just cause for delay.