791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CREDITHRIFT OF AMERICA, CREDITOR, Plaintiff-Appellee,
v.
MARY BARBARA LAWSON, DEBTOR, Defendant-Appellant.
 85-5819
 United States Court of Appeals, Sixth Circuit.
 4/10/86
 
 AFFIRMED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: MILBURN and RYAN, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Debtor-appellant appeals from the order of the district court reversing the decision of the bankruptcy court which permitted debtor to avoid creditor-appellee's nonpossessory, nonpurchase-money security interest in debtor's household furnishings. For the reasons that follow, we affirm.
 
 I.
 
 2
 On October 27, 1983, debtor, Mary Barbara Lawson, filed for relief under Chapter 7 of the Bankruptcy Code. Creditor, Credithrift of America, held a nonpossessory, nonpurchase-money security interest in certain items of debtor's household furnishings. Kentucky, pursuant to 11 U.S.C. Sec. 522(b), has 'opted out' of the federal list of exemptions described in 11 U.S.C. Sec. 522(d), permitting its residents to exempt from the bankruptcy estate only property exempt under Kentucky state law. Ky. Rev. Stat. Sec. 427.170. Debtor claimed the household furnishings as exempt property under Ky. Rev. Stat. Sec. 427.010 which allows an exemption in '[all] household furnishings, jewelry, personal clothing and ornaments not to exceed three thousand dollars ($3,000) in value . . ..'
 
 
 3
 Shortly after filing her petition, debtor moved, pursuant to 11 U.S.C. Sec. 522(f)(2)(A), to avoid creditor's security interest in her household furnishings, claiming that the security interest impaired the exemption to which she was entitled under Ky. Rev. Stat. Sec. 427.010. Section 522(f)(2)(A) permits a debtor to avoid nonpossessory, nonpurchase-money security interests encumbering household furnishings to the extent that the security interest impairs an exemption to which the debtor would have been entitled under section 522(b). Creditor filed an objection to debtor's motion based upon Ky. Rev. Stat. Sec. 427.010(4) which denies Kentucky debtors an exemption in household furnishings where the debtor has 'voluntarily granted' a lien interest thereon.
 
 
 4
 On August 9, 1984, the bankruptcy court entered its opinion and order sustaining debtor's motion to avoid creditor's lien. The bankruptcy court determined that Ky. Rev. Stat. Sec. 427.010(4) effects a waiver of the debtor's section 522(f) avoidance power in contravention of 11 U.S.C. Sec. 522(e). Section 522(e) provides that if a debtor is able to avoid a transfer under section 522(f), any waiver of that power is unenforceable. Thus, the bankruptcy court held that Ky. Rev. Stat. Sec. 427.010(4) is invalid under the Supremacy Clause, U. S. Const. Art. VI cl. 2, and is unenforceable in bankruptcy proceedings.
 
 
 5
 The district court reversed, holding that the bankruptcy court's decision was contrary to this court's decisions in Spears v. Thorp Credit, Inc., (In Re Spears), 744 F.2d 1225 (6th Cir. 1984) (per curiam), and Pine v. Credithrift of America, Inc., (In Re Pine), 717 F.2d 281 (6th Cir. 1983), cert. denied, 104 S. Ct. 1711 (1984). This appeal ensued.
 
 II.
 
 6
 The issue presented is whether section 522(f)(2)(A) is available to a Kentucky debtor to avoid a nonpossessory, nonpurchase-money security interest in household furnishings owned by the debtor. Creditor argues that Ky. Rev. Stat. Sec. 427.010(4), which permits debtors to exempt property only to the extent it is unencumbered by consensual liens, precludes Kentucky debtors from avoiding liens under 522(f)(2)(A). Creditor contends that because Kentucky law forbids the debtor to exempt property to the extent it is encumbered by consensual liens, the liens do not impair exemptions to which Kentucky debtors are otherwise entitled under section 522(b).
 
 
 7
 In support, creditor relies on this court's decision in Pine and Spears. In Pine both Georgia and Tennessee had enacted exemption statutes and 'opted out' of the federal exemption scheme. The states' exemption statutes allowed exemptions only to the extent of a debtor's equity in the property. The debtors, residents of Georgia and Tennessee, sought to avoid nonpossessory, nonpurchase-money security interests in their household furnishings arguing that Georgia and Tennessee could not circumvent section 522(f) by excluding encumbered property from their list of exemptions.
 
 
 8
 Observing that the 'opting out' scheme expressed a Congressional preference for state control of exemptions, Pine determined that the states' authority to enact exclusive exemption plans included the option to exclude encumbered property. 717 F.2d at 284. Pine further determined that section 522(f) may be utilized to avoid liens only on that property which the states have declared exempt. Id. Pine concluded that since Georgia and Tennessee permitted debtors to exempt property only to the extent that it was unencumbered, the debtors could not avoid the security interests because the security interests did not impair an exemption to which they were otherwise entitled under section 522(b). Id.
 
 
 9
 In Spears we reaffirmed our holding in Pine, again stating that 'when a state has opted out under 11 U.S.C. Sec. 522(b) of the application of federal exemptions, 'debtors may avoid liens only on that property which the state has declared to be exempt." 744 F.2d at 1225 (quoting Pine, 717 F.2d at 284). Spears involved facts indistinguishable from those of the instant case. Ohio, having 'opted out' of the federal exemption scheme, permitted a debtor to exempt certain personal property to the extent that the property was not subject to third-party liens. Ohio Rev. Code Ann. Secs. 2329.66, 2329.661. Spears concluded that since Ohio law permitted a debtor to exempt only an interest in property not subject to third-party liens, the debtors could not utilize section 522(f) to avoid the creditor's lien on their personal property. 744 F.2d at 1225-26.
 
 
 10
 Debtor's principal argument is that by virtue of Ky. Rev. Stat. Sec. 427.010(4) the granting of a security interest in property otherwise exempt effects a waiver of the section 522(f) avoidance power and that the waiver is unenforceable under section 522(e). Section 522(e) provides that a 'waiver of exemptions executed in favor of a creditor that holds an unsecured claim against the debtor is unenforceable in a case under this title with respect to such claim against property that the debtor may exempt under subsection (b) of this section.' The invocation of section 522(e), like section 522(f), is dependent upon whether the debtor is entitled to an exemption under section 522(b). Kentucky, having 'opted out,' does not exempt property to the extent that it is encumbered by consensual liens. Thus, section 522(e), like section 522(f), does not come into play. See Pine, 717 F.2d at 284; Spears, 744 F.2d at 1226.
 
 
 11
 Debtor argues that Pine and Spears are somehow distinguishable from the instant case because they failed to address the effect of section 522(e). In both Pine and Spears the debtors were not permitted to avoid security interests voluntarily granted in property otherwise exempt. In neither case did this court perceive any conflict between state law giving liens precedence over exemptions and section 522(e).
 
 III.
 
 12
 Accordingly, we AFFIRM the decision of the district court.