In the Matter of David Lee SPURLOCK and Sandra June Spurlock, a/k/a Sandra June Hale a/k/a Sandra June Bannock a/k/a Sandra June Honaker.

and

In re Danny Keith McKINNEY and Jane Ellen McKinney.

Civ. A. No. 2:85–0826, 2:85–0827.

United States District Court, S.D. West Virginia, Charleston Division.

April 13, 1987.

Kirk L. Frankel, Huntington, W.Va., for Spurlock and McKinney.

J.W. Bonie, Weirton, W.Va., for Credithrift of America, Inc.

## ORDER

HADEN, Chief Judge.

These matters are pending before this Court on appeal of a common issue from Bankruptcy Court. The issue in each case is whether property claimed as exempt pursuant to *W.Va.Code*, § 38–10–4 is also property which can be subject to the lien avoidance provision of 11 U.S.C. § 522(f). The within cases each involve orders of the Bankruptcy Court permitting debtors to avoid nonpossessory, nonpurchase money liens which ran to the benefit of Credithrift of America, Inc., the Appellant here. Credithrift argues that "debtors property interest" as used in *W.Va.Code*, § 38–10–4 was intended to mean debtors equity interest. Credithrift argues that since the debtors have no equity interest in the property claimed as exempt because of nonpossessory, nonpurchase money liens, the debtors cannot avoid the liens by claiming the property as exempt under 11 U.S.C. § 522(f).

■ Upon review of the briefs and the cases and statutes cited therein, the Court concludes that "debtors property interest" as used in *W.Va.Code*, § 38–10–4 was intended to mean the same thing as "debtors interest" as used in 11 U.S.C. § 522(d), to which the lien avoidance provisions of Section 522(f) unquestionably apply. The Court believes there are at least two reasons why this must be so. First, the West Virginia Legislature's use of virtually the same language in the state exemption statute as in the federal exemption statute where the state statute has made an explicit reference to the federal statute indicates to this Court that the West Virginia Legis-

lature intended the same meaning. Second, to limit the meaning of debtors property interest as the Appellant urges would be inconsistent with the purpose of the federal bankruptcy statute and the state exemption statute, and also would give creditors tactical and coercive advantage as opposed to real economic security.

This Court has been presented no convincing reasons why "debtors property interest" as used in *W.Va.Code*, § 38–10–4 should have a more restricted meaning than the same as the "debtor's interest" phrase used in 11 U.S.C. § 522(d). It has been held in this context where the same language has been used, that the same meaning should apply. *In re Maddox*, 713 F.2d 1526, 1529 (11th Cir.1983). It is further apparent from the language of *W.Va. Code*, § 38–10–4 that other provisions of 11 U.S.C. § 522, such as subsection (f), be retained despite the Legislature's decision to opt for state-based exemption provisions. The concluding sentence of *W.Va.Code*, § 38–10–4 limits the operation of that statute to those provisions contained in "11 U.S.C. § 552(d)." The Court takes this to be a reference to 11 U.S.C. § 522(d). The Court concludes from this that the West Virginia Legislature intended to preserve the lien avoidance provisions of 11 U.S.C. § 522(f).

Had the West Virginia Legislature intended a more restrictive meaning of debtor's property, such as debtor's equity interest, it could have drafted its exemption statute as did Tennessee. *In re Pine*, 717 F.2d 281 (6th Cir.1983) found that the Tennessee legislature intended its exemptions only to run to the debtors' equity interest in property, and based on that the Sixth Circuit concluded that the lien avoidance provision of 11 U.S.C. § 522(f) was ineffective.*

A second reason supporting this Court's conclusion that 11 U.S.C. § 522(f) does apply to exemptions claimed under *W.Va.Code*, § 38–10–4, is that this is the interpretation which is most consistent

with the statutory scheme found in Title 11 of the United States Code and *W.Va.Code*, § 38–10–4. *In re Hall*, 752 F.2d 582, 587–88 (11th Cir.1985) finds the purpose of § 522(f) to be to avoid overreaching by obtaining nonpurchase money, nonpossessory liens on household goods with little forced sale value for the purpose of coercing payment rather than obtaining a legitimate security. Also, statutory precursors to *W.Va.Code*, § 38–10–4 have been interpreted to have a liberal operation. In *State v. Allen*, 48 W.Va. 154, 162–63, 35 S.E. 990 (1900), the West Virginia Supreme Court interpreted the state's then existing exemption statute a liberal meaning to accomplish protection of the debtor and his family to preserve for them the basic necessities of life. *See also Cottrell v. Public Finance Corp.*, 163 W.Va. 210, 256 S.E.2d 575, 580 and n. 8 (1979).

Accordingly, the orders of the Bankruptcy Court granting the Debtors' motions to avoid nonpossessory, nonpurchase money liens pursuant to 11 U.S.C. § 522(f) are affirmed.

---

* The *Pine* court further held that the Georgia exemption statute using the "debtors property interest" language also indicated an intent to limit exemptions to debtors equity interest in property. This Court does not accept that reasoning as persuasive and would follow the holding of *In re Maddox*, 713 F.2d 1526 (11th Cir. 1983) holding that the lien avoidance provision of § 522(f) does apply to exemptions claimed under the Georgia statute.