817 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Sharon BROOKS, Debtor.
COMMERCIAL CREDIT CORPORATION, Plaintiff-Appellee,
v.
Sharon BROOKS, Defendant-Appellant.
 No. 86-5677.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1987.
 
 Before JONES and NORRIS, Circuit Judges and COOK, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Sharon Brooks, appeals the district court's reversal of the bankuptcy court's order which permitted her to avoid a judicial lien on her residence. Specifically, Brooks challenges the district court's holding that the exception for preacquisition debts contained in Kentucky's homestead exemption statute, Ky. Rev. Stat. Ann. Sec. 427.060 (Baldwin 1985), applies to a bankruptcy debtor's motion to avoid a judicial Hen under 11 U.S.C. Sec. 522(f)(1) (1982). For the reasons set forth below, we affirm.
 
 
 2
 There are only a few relevant facts, and they are all uncontested. In 1974, Commercial Credit Corporation obtained a judgment in a Tennessee court against its debtor--Brooks. In January 1979, Brooks and her husband purchased a home in Louisville, Kentucky. In November 1983, Brooks' husband deeded his half interest in the home to Brooks. Subsequently, Commercial Credit obtained a judgment in Kentucky, based on the 1974 Tennessee judgment, and imposed a judicial lien on the Louisville house--Brooks' permanent residence.
 
 
 3
 On February 8, 1985, Brooks filed a Chapter 7 petition in bankruptcy court. The home is listed on the schedule of real property as having a fair market value of $12,000. The schedule of secured creditors reveals that the home is subject to a first mortgage in the amount of $9,600, as well as the judicial lien held by Commercial Credit. On the schedule of exemptions, Brooks claimed the "homestead exemption" of $5,000 pursuant to Ky. Rev. Stat. Ann. Sec. 427.060.
 
 
 4
 Brooks filed a motion to avoid Commercial Credit's judicial lien under 11 U.S.C. Sec. 522(f)(1) on March 8, 1985. The bankruptcy court granted that motion. On appeal to the district court, the bankruptcy court's order was reversed and the case was remanded. Brooks appeals the district court's opinion and order.
 
 
 5
 Section 522(f) of the Bankruptcy Code provides in pertinent part that:
 
 
 6
 Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a hen on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lein is
 
 
 7
 (1) a judicial lien ....
 
 
 8
 11 U.S.C. Sec. 522(f)(1) (emphasis added).
 
 
 9
 Section 522(b), to which subsection (f) refers, provides in pertinent part that:
 
 
 10
 Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate [either]
 
 
 11
 (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
 
 
 12
 (2)(A) any property that is exempt under ... State or local law that is applicable the date of the filing of the petition at the place in which the debtor's domicile [is] located ....
 
 
 13
 11 U.S.C. Sec. 522(b) (1982 & Supp. III. 1985) (emphasis added).
 
 
 14
 This court has characterized section 522(b) as providing for three different definitions of "exempt property," depending on the nature of the state's laws: the "laundry list" of federal exemptions set forth in section 522(d); the subsection (d) list as expressly modified by state law; and a separate list of of exemptions defined exclusively by state law notwithstanding the subsection (d) list. Giles v. Credithrift of America, Inc. (In re Pine), 717 F.2d 281, 282 (6th Cir. 1983), cert. denied, 466 U.S. 928 (1984). In this manner, Congress has recognized the concurrent authority shared by state and federal legislatures over bankruptcy laws and invited the states to opt out of the federal list of exemptions provided in section 522(d) by creating their own list of exemptions. Rhodes v. Stewart, 705 F.2d 159, 163 (6th Cir. 1983), cert. denied 464 U.S. 983 (1984). It is uncontested that Kentucky is one of the states that has elected to opt out by defining its own exemptions exclusive of the federal laundry list.
 
 
 15
 Kentucky's homestead exemption provides in pertinent part that:
 
 
 16
 In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed five thousand dollars ($5,000) in value, in real or personal property that such debtor ... uses as a permanent residence in this state ... is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for the purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase of the property ....
 
 
 17
 Ky. Rev. Stat. Ann. Sec. 427.060 (emphasis added). Since Kentucky is an opt-out jurisdiction, the above $5,000 exemption applies instead of the $7,500 homestead exemption set forth in section 522(d)(1) of the federal act. The Kentucky statute also differs from the federal homestead exemption in that the state exemption does not, by its own terms, operate to avoid pre-existing debts, whereas the federal exemption contains no such qualification.
 
 
 18
 Brooks argues that the underlying purpose of the bankruptcy exemption scheme is vitiated when a state that opts out under section 522(b) is allowed to frustrate the terms of subsection (f) by restrictively defining important exemptions. Chapter 7 bankruptcy proceedings are supposed to provide the bankrupt with a "fresh start," and the homestead exemption is supposed to be a means toward that end. Brooks maintains that under subsection (f), judicial liens are intended to be avoided to the extent of the homestead exemption. The opt-out language of subsection (b), she contends, was not an invitation to the states to completely obviate subsection (f). See generally Hall v. Finance One, Inc. (In re Hall), 752 F.2d 582 (11th Cir. 1985).
 
 
 19
 The primary difficulty with this argument is that the Sixth Circuit has already rejected it outright. See In re Pine, supra; Spears v. Thorp Credit, Inc. (In re Spears), 744 F.2d 1225 (6th Cir. 1984) (per curiam). This circuit, as well as other circuits, has held that the clear language of subsections (b) and (f) indicate that the latter cannot operate independently of the former. In re Pine 717 F.2d at 284. See also England v. Golden (In re Golden), 789 F.2d 898 (9th Cir. 1986); McManus v. Avco Fin. Serv., Inc. (In re McManus), 681 F.2d 353 (5th Cir. 1982). "he Fifth Circuit summed up the reasoning as follows:
 
 
 20
 [T]he State of Louisiana, for whatever policy justification, has utilized its authority under 11 U.S.C.A. Sec. 522(b) to mandate that property of a certain character--household goods and furnishings subject to a chattel mortgage--is, by definition, not exempt under 11 U.S.C.A. Sec. 522(b). Consequently, the chattel mortgages the debtors in the case sub judice wish to avoid do not impair an exemption to which they would have been entitled under section 522(b). To the contrary, the chattel mortgages are the characteristic determinative of whether household goods and furnishings are exempt in Louisiana. This feature gives rise to Louisiana's specific denial of an exemption under 11 U.S.C.A. Sec.522 (b).
 
 
 21
 In re McManus, 681 F.2d at 357 (footnote omitted). The same general situation is presented in the instant case; the Kentucky legislature has mandated that there be no homestead exemption from an operative debt if that debt predates the purchase of the homestead. In terms of section 522(f), Commercial Credit's judicial lien does not impair a homestead exemption to which Brooks would have been otherwise entitled under subsection (b) because the timing of the debt underlying the lien governs whether Brooks is entitled to the exemption in the first place.
 
 
 22
 Brooks' counsel forthrightly characterizes this appeal as a direct challenge to the continuing validity of In re Pine and its progeny in this circuit. Counsel invites us to overrule those decisions and to adopt the interpretation favored by the Eleventh Circuit and certain commentators. Nevertheless, this circuit adheres to the rule that once a panel has ruled squarely on an issue, it becomes the law of the circuit and may not be overruled by another panel. Accordingly, the decision below is AFFIRMED.
 
 
 
 *
 Honorable Julian A. Cook, United States District Judge for the Eastern District of Michigan, sitting by designation