**In re Georgia Mae EILAND.**

**Bankruptcy No. 88–00112–BKC–ESE.**

United States Bankruptcy Court,
N.D. Mississippi.

May 3, 1988.

Lawrence E. Young, North Mississippi Rural Legal Services, West Point, Miss., for Georgia Mae Eiland.

William J. Lutz, Jackson, Miss., for Tower Loan.

## MEMORANDUM OPINION AND ORDER

DAVID W. HOUSTON, III,
Bankruptcy Judge.

Came on for consideration the motion filed by the debtor, Georgia Mae Eiland, to avoid a nonpossessory, nonpurchase-money security interest held by Tower Loan of Mississippi, Inc., hereinafter referred to as Tower Loan; all parties being represented before the Court by their respective attorneys of record; and the Court having heard and considered same, hereby finds, orders, and adjudicates as follows, to-wit:

### I.

The Court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).

### II.

The parties agreed that the factual issues were not in dispute and, as such, stipulated to the following:

1. The debtor filed a petition under Chapter 7 of the Bankruptcy Code on January 16, 1988.

2. On December 18, 1986, the debtor executed a promissory note to Tower Loan calling for total payments in the sum of $1,475.00.

3. As security for the aforementioned promissory note, the debtor granted unto Tower Loan a properly perfected security interest in personal property of the debtor. This personal property was described accurately on the promissory note, security agreement and disclosure statement furnished to the debtor at the time she executed the promissory note.

4. The debtor has claimed all of the items listed on the promissory note and security agreement as fully exempt in schedule B–4 of her bankruptcy schedules pursuant to § 85–3–1, Miss.Code Ann. (Supp.1987).

5. The money borrowed from Tower Loan by the debtor as a result of the promissory note in question does not represent any part of the purchase price of any of the articles described in the security agreement executed by the debtor, and all of these items of personal property remain in the possession of the debtor.

6. On July 1, 1987, § 85–3–1, Miss.Code Ann. (Supp.1987) became effective. By virtue of subsection (2) of this statute, Mississippi "opted out" of the federal exemptions set forth in 11 U.S.C. § 522(d).

7. There remains due and owing on the promissory note the sum of $944.00, which is now in default.

8. The sole issue in controversy in this proceeding is whether 11 U.S.C. § 522(f) may be used by the debtor to avoid a nonpossessory, nonpurchase-money security interest in personal property.

### III.

11 U.S.C. § 522(f) provides as follows:
(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

### IV.

Section 85–3–1, Miss.Code Ann. (Supp. 1987) provides as follows:

(1) There shall be exempt from seizure under execution or attachment:

(a) Tangible personal property of any kind, not exceeding Ten Thousand Dollars ($10,000.00) in value, which shall be selected by the debtor; provided, however, this paragraph shall not apply to distress warrants issued for collection of taxes due the state or to wages described in Section 85–3–4.

(b)(i) The proceeds of insurance on property, real and personal, exempt from execution or attachment, and the proceeds of the sale of such property.

(ii) Income from disability insurance.

(iii) All property and pension trusts which are qualified under the Employee Retirement Income Security Act of 1974 (ERISA) (P.L. No. 93–406), including, but not limited to, self-employment retirement (Keogh) plans and individual retirement accounts (IRA). However, no contribution made to any such plan, account or trust shall be exempt if made less than one (1) calendar year from the date of filing for bankruptcy, whether voluntary or involuntary, or less than one (1) calendar year from the date of service of any writ of execution, attachment or garnishment on the person having such plan, account or trust in his possession or under his control.

(c) All property, real, personal and mixed, for the collection or enforcement of any order or judgment, in whole or in part, issued by any court for civil or criminal contempt of said court; expressly excepted herefrom are such orders or judgments for the payment of alimony, separate maintenance and child support actions.

(d) Nothing in this section shall in any way affect the rights or remedies of the holder or owner of a statutory lien or voluntary security interest.

(2) In accordance with the provisions of Section 522(b) of the Bankruptcy Reform Act of 1978, as amended (11 U.S. C.A. 522(b) [11 USCS § 522(b) ]), residents of the State of Mississippi shall not be entitled to the federal exemptions provided in Section 522(d) of the Bankruptcy Reform Act of 1978, as amended (11 U.S. C.A. 522(d) [11 USCS § 522(d) ] ). Nothing in this subsection shall affect the exemptions given to individuals of Mississippi by the Constitution and statutes of the State of Mississippi.

V.

There is no question but that federal law presumes that a state may elect to "opt out" of the laundry list of federal exemptions. See 11 U.S.C. § 522(b)(1). The single issue that remains in dispute in this proceeding is whether the debtor is able to claim an exemption in her household goods which are clearly subject to a nonpossessory, nonpurchase-money security interest. This issue is controlled by the language set forth in § 85–3–1(1)(d), Miss.Code Ann. (Supp.1987), which states, inter alia, that nothing in this section shall in any way affect the rights or remedies of the holder or owner of a statutory lien or voluntary security interest. Succinctly stated, this subsection provides that household goods which are subject to a voluntary security interest, regardless of whether that security interest is nonpurchase-money or otherwise, are not protected by the exemption statute under the laws of the State of Mississippi. 11 U.S.C. § 522(f) can only be utilized to avoid a lien to the extent that such lien impairs an exemption to which the debtor is entitled. If there is no ability to utilize an exemption, there can be no lien avoidance.

VI.

This is not a novel question or a case of first impression in the Fifth Circuit. The inability to utilize 11 U.S.C. § 522(f) to avoid a nonpossessory, nonpurchase-money security interest, where the state by its own law prohibits the effective use of an exemption claim, has been addressed in *Matter of In Re McManus*, 681 F.2d 353 (5th Cir.1982), *Matter of Allen*, 725 F.2d 290 (5th Cir.1984), and most recently in *Matter of Bessent*, 831 F.2d 82 (5th Cir. 1987). See also, *In re Pine*, 717 F.2d 281 (6th Cir.1983), and *In re Wolfe*, 51 B.R. 900 (Bankr.W.D.Tx.1985).

**44**

## VII.

Although the Mississippi statute is far from being "crystal clear", it appears that the drafters intended to preclude the use of an exemption claim in properties that were subject to a statutory lien or voluntary security interest. This personal property exemption statute, i.e., § 85–3–1, Miss.Code Ann. (Supp.1987), which also contains the "opt out" provision precluding the use of federal exemptions found in 11 U.S.C. § 522(d), inflicts an egregious result on many impoverished debtors in the State of Mississippi. This statute literally provides an "arm twisting" threat to those financial institutions who lend money to individual debtors collateralized by household goods and effects. The real value of this type collateral to the secured creditor is the threat of repossession, not the collateral itself. This secured property has little if no value to anyone other than the debtor. Practically speaking, the last thing that the secured creditor wants is to actually repossess this property.

Perhaps the Mississippi Legislature did not intend the burdensome effect of its legislative action. It is not the function of this Court, however, to rewrite the laws of the State of Mississippi, but only to apply those laws when called upon to do so. If the Mississippi Legislature feels that an injustice has been done, it should react accordingly.

## VIII.

Given the current status of the law in this state concerning the inability to claim an exemption in household goods that are subject to a voluntary security interest, as well as, in consideration of the clear interpretation of similar laws enacted in other states which is evidenced by the aforementioned decisions of the Fifth Circuit Court of Appeals, this Court is constrained to find that the debtor's motion to avoid the non-possessory, nonpurchase-money lien of Tower Loan is not well taken and said motion must be overruled.

It Is, Therefore, Ordered and Adjudged that the motion to avoid the nonpossessory, nonpurchase-money lien of Tower Loan,

filed by the debtor in this case, Georgia Mae Eiland, is hereby overruled.