In re Thurman A. FOX and Jewel D.
Fox, a/k/a Mrs. Thurman A.
Fox, Debtors.

ITT FINANCIAL SERVICES, Appellee,

v.

Thurman A. FOX and Jewel D. Fox,
a/k/a Mrs. Thurman A. Fox,
Appellants.

No. 89–4108.

United States Court of Appeals,
Fifth Circuit.

June 6, 1990.

Wm. R. Armstrong, Jr., Henderson, Duke, Dantone & Hines, Greenville, Miss., for appellants.

Kinney M. Swain, Walter B. Swain, Swain & Swain, Greenville, Miss., for appellee.

Before JOHNSON, WILLIAMS and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

In this bankruptcy case, appellants Thurman A. Fox and Jewel D. Fox (the debtors) challenge the denial of their motion to avoid a nonpossessory, nonpurchase-money security interest in their household goods. We affirm.

## Facts and Proceedings Below

The facts are not in dispute. On January 7, 1988, the debtors, a married couple residing in Greenville, Mississippi, filed a joint petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Mississippi. One of their scheduled debts was a loan from appellee ITT Financial Services (ITT). When the petition was filed, the outstanding balance on this debt was $5,550.81, and it was secured by a valid, perfected, nonpossessory, nonpurchase-money, contractual lien on all of the debtors' household goods, furnishings, and appliances. On January 22, 1988, the debtors moved to avoid the lien pursuant to 11 U.S.C. § 522(f)(2)(A).[1] The bankruptcy court denied this motion, and the district court affirmed. The debtors now appeal the decision of the district court.

## Discussion

We have previously decided that 11 U.S.C. § 522(f) is not a separate federal exemption statute, but rather that "[i]t provides only a limited mechanism for avoiding liens ... impairing an exemption the debtor would have been entitled to receive under section 522(b)." *In re McManus*, 681 F.2d 353, 355 (5th Cir.1982). Mississippi has "opted out" of the federal exemptions listed in section 522(d), *see* Miss.Code Ann. § 85–3–1(2) (Supp.1989), and therefore section 522(b) allows Mississippi debtors to exempt only property that is exempt under a federal law other than section 522(d), or that is exempt under applicable state or local law. *See In re McManus*, 681 F.2d at 355–56 (explaining the operation of section 522(b)).

This case involves tangible personal property, and thus the applicable state exemption statute is Miss.Code Ann. § 85–3–1(1). That section provides in pertinent part:

"(1) There shall be exempt from seizure under execution or attachment:

"(a) Tangible personal property of any kind, not exceeding Ten Thousand Dollars ($10,000.00) in value, which shall be selected by the debtor;....

" ....

"(d) Nothing in this section shall in any way affect the rights or remedies of the holder or owner of a statutory lien or voluntary security interest."

The parties stipulate that the goods involved in this case would be exempt under section 85–3–1(1)(a) in the absence of ITT's security interest. They also stipulate that ITT's security interest is a valid, perfected,

---

1. Section 522(f) provides in pertinent part:

    "(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

    " ....

    "(2) a nonpossessory, nonpurchase-money security interest in any—

    "(A) household furnishings, household goods, [or] appliances ... that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor...."

and voluntary security interest under Mississippi law. Finally, they stipulate that the goods in question fall within the scope of section 522(f)(2)(A). Thus, the question facing the Court is whether Mississippi debtors may use section 522(f) to avoid a nonpossessory, nonpurchase-money security interest in goods that fall within the scope of section 85–3–1(1)(a) generally, but which are subject to a valid voluntary security interest.

■ We do not write on a blank slate. In construing similar Louisiana and Texas exemption statutes, this Court has already decided that if otherwise exempt property is not exempt from seizure under state law by creditors holding a valid security interest in the property, section 522(f) avoidance power is unavailable. *In re Bessent,* 831 F.2d 82, 83–84 (5th Cir.1987); *In re Allen,* 725 F.2d 290, 292–93 (5th Cir.1984); *In re McManus,* 681 F.2d at 357. The debtors ask us to overrule these cases, but we are barred from doing so in the absence of *en banc* reconsideration or a superseding decision of the Supreme Court. *E.g., In re Bessent,* 831 F.2d at 84. Thus, the sole question we decide today is whether, as a matter of Mississippi law, section 85–3–1(1)(d) removes the exempt status of property that would otherwise be exempt under section 85–3–1(1)(a) when that property is subject to a voluntary security interest.[2]

■ Both the bankruptcy court and the district court construed this statute to allow a debtor to exempt $10,000 worth of tangible personal property of his choice from seizure under execution or attachment by anyone *except* one who holds a statutory lien or voluntary security interest in that property. In an unrelated case, a second federal bankruptcy court decision reached the same result. *See In re Eiland,* 95 B.R. 41, 43 (Bankr.N.D.Miss.1988). On issues of state law, we ordinarily give considerable weight to the opinions of lower court judges who sit in the state and have practiced before its courts, and are therefore more familiar with local law. *E.g., Commonwealth Life Ins. Co. v. Neal,* 669 F.2d 300, 304 (5th Cir.1982).

■ In keeping with this deference, we adopt the district court's construction of section 85–3–1(1). Both the general provision creating the exemption for tangible personal property and the proviso protecting the rights of secured creditors are subsections of the same provision. The only reasonable construction is that these provisions are to be read in tandem. Subsection (a) describes property that is to be "exempt from seizure under execution or attachment," but subsection (d) provides that this general language does not affect the rights of specified secured creditors. The only relevant right of a secured creditor is the right to seize and execute upon his collateral. The net practical effect of section 85–3–1(1), therefore, is that the exemption created in subsection (a) does not prevent execution and seizure by creditors who hold valid voluntary security interests in the otherwise exempt property.

This construction is supported by the fact that the Mississippi legislature considered and rejected an amendment to section 85–3–1(1) that would have made subsection (d) expressly subject to the section 522(f) avoidance power.[3] The proposal and rejection of an amendment that would have explicitly enacted the construction proposed by the debtors tend to at least slightly indicate that the Mississippi legislature did intend to deny Mississippi debtors access to the section 522(f) avoidance power in cases such as the one now before us.

Ultimately, we are unable to distinguish for these purposes the statutes that were at issue in *McManus, Allen,* and *Bessent* from the Mississippi statute in the present case. For example, the Louisiana statute

---

**2.** No Mississippi court has construed the effect of section 85–3–1(1), so we must undertake to do so on our own.

**3.** The amended subsection (d) would have provided:

"(d) Nothing in this section shall in any way affect the rights or remedies of the holder or owner of a statutory lien or voluntary security interest, *except that debtors in cases filed under the provisions of Section 522(f) of the Bankruptcy Reform Act of 1978, as amended (11 U.S.C. Section 522(f)) shall have the right to avoid nonpurchase money and nonpossessory liens.*" H.R. 276, Reg.Sess.1989 (Miss.).

discussed in *McManus,* like the statute at issue in the present case, provided a general exemption for household goods and furnishings but included a separate proviso that "a person who has granted a chattel mortgage on [such property] may not thereafter claim an exemption from the seizure of such mortgaged property *for the enforcement of that mortgage.*" *McManus,* 681 F.2d at 356 (emphasis supplied). Similarly, the Texas statute in *Bessent* provided that the property involved was "exempt from attachment, execution, and seizure for the satisfaction of debts, *except for encumbrances fixed on the property,*" and elsewhere that "[t]he exemption ... does not apply to a debt that is secured by a lien on the property...." *Bessent,* 831 F.2d at 83. *See also id.* at n. 3. Thus, under both statutory schemes, the property was exempt from forced seizure *except* to enforce the security interest. In substance, only the debtor's interest in the property in excess of the debt appropriately secured thereby is exempt. That is also the effect of the Mississippi statute in the present case. Thus, we have no choice but to follow *McManus, Allen,* and *Bessent.*

### Conclusion

For these reasons, the decision of the district court is

AFFIRMED.