**In re Ada Katherine CARROLL, Debtor.**

**Bankruptcy No. 3-83-01632(B).**

United States Bankruptcy Court,
W.D. Kentucky.

April 6, 1984.

John W. Fleck, Louisville, Ky., for debtor.

Walter L. Porter, Louisville, Ky., for creditor, Richard D. Powell, Jr.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on motion by the debtor to avoid a judicial lien pursuant to 11 U.S.C. § 522(f). Based on the following findings of fact and conclusions of law, the motion is sustained.

The debtor before the Court filed a petition for relief under Chapter 7 on August 18, 1983. Set forth in the schedules made a part thereof is listed real property with a stated value of $22,000.00 subject to a first mortgage thereon, as well as the judicial lien here in question. The debtor, pursuant to applicable Kentucky Revised Statutes, pled a homestead exemption in said realty in the amount of $5,000.00. The judicial lien sought to be avoided resulted from a default judgment entered September 22, 1980, in favor of the creditor, Richard D. Powell, Jr., in the amount of $1,019.56, plus interest and costs, and it is unquestioned that subsequent thereto a valid judicial lien on the realty was incurred. A proof of claim of record filed by the first mortgage

holder indicates a balance due and owing on said first mortgage in the amount of $17,099.56, plus interest.

A hearing was held on debtor's motion to avoid this lien with oral arguments having been given by counsel, both in support thereof and in opposition thereto. By order of December 22, 1983, the creditor was given until December 27, 1983, to file his memorandum in support of his position, with the debtor having ten days thereafter in which to file any responsive pleading. Said memoranda and responses are now of record.

A review of the file in its totality discloses that the creditor does not take issue with the right of the debtor to avoid the judicial lien to the extent said lien impairs an exemption to which the debtor would otherwise be entitled. It is the creditor's position, however, that after consideration of the balance due and owing on the first mortgage plus the $5,000.00 homestead exemption permitted by state law, the property in question is valued in excess of this cumulative total, and to the extent of said surplus the creditor's judicial lien continues to attach. Debtor, by response, alleges that the total value of the property is not in excess of this cumulative total, and accordingly the creditor's judicial lien is voidable in its entirety.

There has been no dispute as to the applicable law nor its interpretation. Rather, the sole issue before the Court is the value of the property since this determination will of necessity establish whether its value is in excess of the cumulative total of the first mortgage and appropriate exemptions, and to the extent of said surplus the creditor's judicial lien attaches.

In support of the determination of the value of the property in question, debtor, in her response, attaches an appraisal of the property from a local realtor, which apprisal includes a market analysis of the property together with other similar properties in the general area, an itemization of the condition of the improvements on said real estate and a fair market appraisal of $20,500-$21,000. This appraisal together with the debtor's stated value of the property in the schedules constitutes the only proof before this Court as to the fair market value of the real estate. Accepting the debtor's stated value (which is the higher of the two values submitted), it is apparent that the cumulative total of the first mortgage balance plus allowable homestead exemptions does not result in a surplus available for the continued attachment of the creditor's judicial lien. The creditor, by counsel, has offered no proof as to the value of this property, but rather seeks to attack the credibility of the realtor's appraisal submitted by the debtor, both as to the stated value and her qualifications.

The parties having been afforded an opportunity to provide this Court with such proof as is material on the issue presented, and the Court of necessity being restricted in its decision to the proof of record, and further there being no proof of any nature or kind that said real estate is valued in excess of the cumulative total of the first mortgage and allowable homestead exemption, the motion of the debtor to avoid said judicial lien is sustained.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this 6th day of April, 1984.