**In re Raymond Lee KINCAID, Debtor.**

**Bankruptcy No. 48400343.**

United States Bankruptcy Court,
W.D. Kentucky.

Dec. 13, 1985.

Russ Wilkey, Owensboro, Ky., trustee.

Paul Bugay, Owensboro, Ky., for debtor.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

This matter comes before the court on the Trustee's objection to the debtor's Homestead exemption. The facts surrounding this controversy are as follows:

The debtor, Raymond Kincaid and his former wife, Golda Kincaid, obtained a divorce by order of the Daviess Circuit Court in May of 1981. In 1983 the debtor constructed a building on which he now claims the $5,000 homestead exemption allowed by Kentucky Revised Statutes 427.060.[1] In 1984 the Kincaid's divorce decree was reopened by the debtor's former spouse on the grounds that the property settlement agreement she had signed prior to the 1981 decree was unconscionable. The Daviess Circuit Court set aside the original agreement and awarded the debtor's former spouse the sum of $71,233.75 plus interest from the date of the original divorce decree in 1981. Five months later the debtor filed his Chapter 7 petition.

\*      \*      \*      \*      \*      \*

The question posed in this action is a simple one: Did the Daviess Circuit Court intend to make the judgment awarding the debtor's former spouse $71,233.75 retroactive to the date of the original divorce decree? The answer to this inquiry will be dispositive of the trustee's complaint since under Kentucky law, a homestead exemption does not apply against a debt or liability which arose "prior to the purchase of the land or the erection of the improvements thereon".[2] If the award is deemed to have arisen at the time of the 1981 divorce decree, then the liability arose prior to the construction of the debtor's former residence and he is not entitled to an exemption. However, if the award was not made retroactive to the original decree, then the debt arose after the homestead was built and the debtor may properly claim his exemption.

In the present action, the parties have presented lengthy briefs concerning the "true meaning" of the 1984 award of $71,233.75 to the debtor's former spouse. After reviewing the issue we find it unnecessary to second guess the intentions of another court using such imprecise means as argument of counsel and rules of construction. The far better approach would be to lift the Section 362 automatic stay[3] and allow the Daviess Circuit Court to clarify its own judgment. Such a treatment of the case will not only reveal the true meaning of the state court order as interpreted by

---

1. In addition to any exemption of personal property, land, including the dwelling house and appurtenances, not exceeding one thousand dollars in value, owned by any bona fide housekeeper with a family resident in this state, is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase of the land or the erection of the improvements thereon. KRS § 427.060 (1985).

2. *Id.*

3. In his response to the debtor's brief, the trustee stated: "in the alternative [to disallowing the debtor's homestead exemption] if there is any ambiguity to the Circuit Court's Order, the matter could easily be referred to the Daviess Circuit Court for a clarification of that order seeking a determination as to the Circuit Court's intent in ruling as it did." For purposes of this opinion we will treat this alternate prayer for relief as a motion to lift the automatic stay.

its author, but will also tend to promote comity between federal and state courts in the area of domestic relations law, historically reserved to the state courts.[4]

By separate order we will lift the Section 362 automatic stay and allow the parties to seek in Daviess Circuit Court a clarification of that court's order of September 21, 1984. By that order we will also remand the Trustee's objection to the debtor's homestead exemption until such time as the Daviess Circuit Court issues a clarification of its order.

---

**4.** *See Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); *DeSylva v. Ballentine,* 351 U.S. 570, 76 S.Ct. 974, 100 L.Ed. 1415 (1956). *See also In re Graham,* 14 B.R. 246, 248 (Bkrtcy.W.D.Ky.1981).