**In re Sharon BROOKS, Debtor.**

**COMMERCIAL CREDIT CORPORATION,
Appellant,**

v.

**Sharon BROOKS, Appellee.**

**Civ. A. No. C–85–0769–L(M).**

United States District Court,
W.D. Kentucky,
Louisville Division.

May 22, 1986.

Mapother and Mapother by D. Bryan Davis and David P. Chinn, Louisville, for appellant.

Legal Aid Society, Inc. by Everett Hoffman, Louisville, for appellee.

## MEMORANDUM OPINION AND ORDER

MEREDITH, District Judge.

Commercial Credit Corporation appeals the Bankruptcy Court's order sustaining a motion by Sharon Brooks, the debtor in the case below, to avoid a judicial lien, held by the appellant, pursuant to Title 11, United States Code, Section 522(f). This Court has jurisdiction over this appeal pursuant to Title 28, United States Code, Section 1334. For the reasons set forth below this Court reverses the decision of the Bankruptcy Court and remands the cause for further proceedings.

Sharon Brooks filed for relief under Chapter 7 of the Bankruptcy Code on February 8, 1985. Listed in her schedule of assets was her residence which was subject to a first mortgage in the amount of $9,600.00 as well as a judicial lien held by Commercial Credit. The property was appraised at $12,000.00. The judicial lien was the result of a valid execution of a judgment entered June 19, 1974, in favor of Commercial Credit. Brooks had acquired her interest in this property in 1979.

Pursuant to Kentucky Revised Statute 427.060, Brooks pleaded a homestead exemption in her residence in the amount of $5,000.00. She then sought to avoid Commercial Credit's judicial lien pursuant to Section 522(f) of the Bankruptcy Code. After conducting a hearing on the matter the Bankruptcy Judge entered an order avoiding Commercial Credit's judicial lien, and from the entry of that order this appeal was taken.

The appellant's statement of the issues is as follows:

(1) Whether the Bankruptcy Court erred in holding that the filing of the debtor's bankruptcy petition entitles her to a homestead exemption in the principal residence where there has been no judicial sale?

(2) Whether the Bankruptcy Court erred in holding that the debtor is entitled to a homestead exemption against a debt which pre-dates the purchase of her principal residence?

(3) Whether the Bankruptcy Court erred in holding Commercial Credit's lien impairs the debtor's exemption?

The Sixth Circuit "has held in *In Re Pine*, 717 F.2d 281, 284 (6th Cir.1983), *cert. denied*, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984) that when a state has opted out under 11 U.S.C. § 522(b) of the application of the federal exemptions, 'debtors may avoid liens only on that property which the states have declared to be exempt.'" *In Re Spears*, 744 F.2d 1225 (6th Cir.1984). Kentucky has chosen to "opt out" of the federal list entirely. Kentucky Revised Statute 427.170. Therefore, we must look to the applicable Kentucky statute, Kentucky Revised Statute 427.060, to determine whether the debtor is entitled to an exemption before Section 522(f) can be applied.

Kentucky Revised Statute 427.060 provides in relevant part:

In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed five thousand dollars ($5,000) in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, ... is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a home-

stead or for purchase money due thereon. *This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of improvements thereon.* (Emphasis added.)

Commercial Credit devotes considerable energies to arguing that the debtor has no homestead exemption unless and until there has been a judicial sale of the residence. While this Court agrees with the Bankruptcy Court that this argument appears to be without merit, I will not address this issue any further, since the second issue raised by Commercial Credit is dispositive of this case.

■ It is undisputed from the record that the debt of Sharon Brooks to Commercial Credit was reduced to judgment on June 19, 1974; the property in question was purchased in 1979; and, sometime prior to the date on which the petition for bankruptcy was filed, a judgment lien was executed on the property. As the Bankruptcy Court said "There seems to be little doubt that if the creditor had enforced its judgment lien in state court, the exception in K.R.S. 427.060 would have prevented the debtor from claiming her homestead exemption at the judicial sale." The Bankruptcy Court, however, continued to find this exemption inapplicable in the context of bankruptcy. In the opinion of this Court this was in error.

■ As the Sixth Circuit has said:
"By enacting the 'opting out' scheme *without limitation,* the legislators expressed their preference for state control of exemptions. *We cannot say in the face of the statutory language that Congress intended that § 522(f) should limit the states in their choice of the types of property interests debtors could exempt.*" (Emphasis added.) *In Re Pines,* 717 F.2d at 284.
The debtor is entitled only to those exemptions which state law decrees and the Court is not free to decide otherwise. Sharon Brooks contends that when Kentucky Revised Statute 427.060 was enacted the Kentucky "legislative could not have foreseen the nature of modern bankruptcy proceedings when it stated that the exemption

'shall not apply if the debt or liability existed prior to the purchase of the land.'" While that may be true, it is still the province of the Kentucky legislature to make any needed changes.

■ In addition, this Court does not find the provisions of the Kentucky exemption statute to be at odds with the Bankruptcy Code. Kentucky Revised Statute 427.060 sets up a rough order of preferences between lienholders and the debtor's homestead exemption. Mortgages given by the owner of the homestead and liens arising from loans of purchase money are given priority over the homestead exemption. In enacting this provision, the Kentucky legislature was clearly favoring the establishment of homesteads. If the debtor's exemption came first, it would be much harder to borrow money to acquire or improve homesteads. Taking this one step further, by giving priority to debts created before the purchase of the homestead the Kentucky legislature was simply protecting the supply of credit against crafty debtors who, instead of paying their just debts, would upon incurring difficulties, purchase a homestead and thereby effectively insulate $5,000.00 from their creditors' reach. Finally the statute gives the homestead exemption precedence over debts created after the establishment of, or improvements to, the homestead since there is no way, directly or indirectly, the post establishment debt could have been used to create the homestead, and a creditor who extends credit at this time does so with the knowledge that the homestead exemption exists. Therefore, the Kentucky legislature, in enacting Kentucky Revised Statute 427.060, was balancing the need to protect the homesteads of debtors in trouble against the need to insure a ready supply of credit to the general population for the acquisition of homesteads.

■ Sharon Brooks argues that the last sentence of Kentucky Revised Statute 427.060 cannot be applied in the context of bankruptcy rhetorically asking "Is the homestead exemption completely unavailable to any petitioner who has even a single debt predating the purchase of their home?" Clearly the trustee's status as a lien creditor under Section 544, of the

Bankruptcy Code will operate to cut-off the rights of a creditor who has not obtained a lien on the property prior to the filing of the bankruptcy petition. Therefore, only prior debts reduced to a judgment lien will be protected.

Having determined that Commercial Credit's judicial lien on Brooks' residence is not subject to a preference in favor of Brooks' homestead exemption, then Section 522(f) does not come into play. Commercial Credit's lien simply doesn't impair "an exemption to which the debtor would have been entitled under subsection (b) of this section." 11 U.S.C. § 522(f). This case will have to be remanded to the Bankruptcy court for appropriate action. Therefore,

IT IS ORDERED that the judgment of the Bankruptcy Court is reversed and the action is remanded for further proceedings consistent with this opinion.