In re Verl L. **LAWSON**, Emma C. Lawson, Debtors.

**Bankruptcy No. 38402299.**

United States Bankruptcy Court, W.D. Kentucky.

Jan. 20, 1987.

W. Craig Aulenbach, Louisville, Ky., for debtors.

David J. Walker, Louisville, Ky., for Liberty Nat. Bank & Trust Co.

Glenn Schilling, Louisville, Ky., Trustee.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Verl and Emma Lawson filed a Chapter 7 petition in bankruptcy and, pursuant to 11 U.S.C. 522(f), have moved this court to avoid a judicial lien of Louisville Trust Company n/k/a Liberty National Bank & Trust Company on certain real property of the debtors. The Lawsons claim the lien impairs an exemption to which they would have been entitled under Section 522(b).

The debtors list their residence in their schedule of assets with a market value of $15,000. The property is subject to a first mortgage of $6,288.80 as well as the judicial lien held by Liberty. There is no dispute that the debtors acquired their joint interest in the property approximately ten months after their debt arose to Liberty.

Pursuant to Kentucky Revised Statutes 427.060, the Lawsons claim a homestead exemption in their real estate in the amount of $10,000. Liberty has raised no questions as to either the value of the debtor's property or the principal balance due on their mortgage. Therefore, we must conclude that Liberty concedes that the sum of the first mortgage plus the claimed exemption fails to yield a surplus that can be applied toward its lien. *See, In re Carroll*, 38 B.R. 621, 622 (Bkrtcy.W.D. Ky.1984).

The creditor objects to the debtors' motion on two grounds: (1) the debtors do not have a statutory exemption in their real estate as there has been no judicial sale, and the filing of a bankruptcy petition is not equivalent to a judicial sale, and (2) the debtors are not entitled to a homestead exemption because the subject debt predates the purchase of the property and erection of improvements thereon.

■ The Sixth Circuit has made clear that the avoidance power of Section 522(f) only comes into play after there has been a determination under Section 522(b) of what property may be claimed as exempt. *In re*

*Pine*, 717 F.2d 281, 284 (6th Cir.1983). In addition, debtors may avoid liens only on property which the states have declared to be exempt. *In re Spears*, 744 F.2d 1225 (6th Cir.1984). Pursuant to the alternative provided in Section 522(b)(2)(B), Kentucky "opted out" of the federal exemption scheme by enactment of K.R.S. 427.060. That Section provides, in part, that a permanent resident may exempt $5,000 in value from "sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon. *This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of improvements thereon.*" K.R.S. 427.060 (emphasis added).

The United States District Court for the Western District of Kentucky addressed both issues in *In re Sharon Brooks*, 71 B.R. 6 (W.D.Ky., 1986). The creditor in that case also argued that the debtor has no homestead exemption unless and until there has been a judicial sale of the property. Because the court found the second issue to be dispositive it declined to address the creditor's first argument except to say that it appeared to be without merit.

The creditor's second contention, that the debtors are not entitled to the homestead exemption because the debt predates the purchase of the real property, is correct. According to the Sixth Circuit, "[b]y enacting the 'opting out' scheme *without limitation,* the legislators expressed their preference for state control of exemptions. *We cannot say in the face of the statutory language that Congress intended that § 522(f) should limit the states in their choice of the types of property interests debtors could exempt.*" *In re Pines,* 717 F.2d at 284 (emphasis added).

The District Court determined that the legislature's enactment of the Kentucky exemption statute was a balancing of "the need to protect the homesteads of debtors in trouble against the need to insure a ready supply of credit to the general popu-

lation for the acquisition of homesteads." *In re Brooks, supra.* The court reasoned that debtors should not be able to purchase a homestead in order to insulate $5,000 from their creditors after incurring financial problems. Debts arising after acquisition of, or improvement to, a homestead are subject to the homestead exemption because the creditor has knowledge that the exemption exists when he extends the credit. *In re Brooks, supra.*

The Lawson's argument that such an interpretation of the homestead exemption statute will prevent debtors from claiming an exemption "if they contracted for any debt prior to their ownership interest in the property" is without merit. The trustee's status as a lien creditor under 11 U.S.C. 544 takes priority over the position of a creditor who has not obtained a judgment lien on the property before the filing of the bankruptcy petition. *In re Brooks, supra.*

Because Liberty's judicial lien on the Lawson's realty does not impair an exemption to which the debtors would have been entitled under § 522(f), the debtors' motion to avoid the judicial lien is overruled.