In re SALEM ENERGY SUPPLIES AND SERVICES, INC., Debtor.

Robert D. MILLER, Plaintiff,

v.

SALEM ENERGY SUPPLIES AND SERVICES, INC. and Jack Kuykendall, Defendants.

Bankruptcy No. BK 87–30509.
Adv. No. 88–0070.

United States Bankruptcy Court,
S.D. Illinois.

Oct. 17, 1988.

Geo. C. Lackey, Centralia, Ill., for plaintiff.

Robert Bruegge, Breese, Ill., for defendants.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

On January 7, 1987, a judgment in the amount of $115,232.06 was entered in Marion County Circuit Court for plaintiff, Robert D. Miller, and against debtor, Salem Energy Supplies and Services, Inc. On January 8, 1987, plaintiff caused a certified copy of the judgment to be placed in the hands of the Sheriff of Marion County, and, on January 12, 1987, the judgment was duly served upon debtor. On that same date, plaintiff commenced a supplemental proceeding to enforce the judgment by serving a citation to discover assets upon debtor. *See* Ill.Rev.Stat., ch. 110, ¶ 2–1402. Hearing was held on the citation on February 3, 1987, at which time the proceeding was continued. Debtor subsequently filed a Chapter 11 petition in bankruptcy on May 29, 1987.

Plaintiff has brought the instant action to determine priority of his judgment lien with regard to certain motor vehicles and a promissory note that are property of debtor's bankruptcy estate. While these items are subject to security interests that predate plaintiff's judgment lien, the holder of these earlier security interests has admitted that his security interests were not properly perfected and concedes that he has no interest superior to that of plaintiff's judgment lien. *See* Ill.Rev.Stat., ch. 26, ¶ 9–301(1)(b). At hearing on plaintiff's complaint, however, debtor raised an issue as to the relative priorities of plaintiff's lien and that of debtor, who as debtor-in-possession has the rights and powers of a trustee in bankruptcy. *See* 11 U.S.C. § 1107.

Section 544(a) of the Bankruptcy Code provides that upon the filing of a petition in bankruptcy, the trustee acquires the status of a perfected lienholder, specifically that of a judicial lien creditor or an unsatisfied execution creditor. 11 U.S.C. § 544(a). Thus, the trustee's powers are those which state law would allow a hypothetical creditor of the debtor who, as of the commencement of the case, has completed the legal or equitable processes for perfection of a lien upon all the property available for the satisfaction of his claim against the debtor. *See* 4 *Collier on Bankruptcy*, § 544.02, at 544–5 to 544–6 (15th ed. 1988).

In debtor's argument regarding its rights as hypothetical lien creditor under § 544(a), debtor notes that because plaintiff's citation proceeding was interrupted by debtor's bankruptcy filing, plaintiff never actually took possession of either the vehicle or the promissory note in question. Debtor suggests, therefore, that plaintiff failed to "perfect" his judgment lien and asserts that, to the extent neither plaintiff or debtor acting as trustee ever took possession of the property, they should be

treated equally as to their liens on debtor's property.

■ Debtor has cited no authority, and this Court has found none, requiring that a judgment lien creditor take possession of a debtor's property in order to perfect its judgment lien. Under Illinois law, a judgment creditor creates a lien against "goods and chattels" of the judgment debtor by delivering a certified copy of the judgment to the sheriff or other proper officer for service upon the debtor. Ill.Rev.Stat., ch. 110, ¶ 12–111; *see In re Marriage of Rochford*, 91 Ill.App.3d 769, 46 Ill.Dec. 943, 414 N.E.2d 1096 (1980); *Kaiser–Ducett Corp. v. Chicago–Joliet Livestock Marketing Center, Inc.*, 86 Ill.App.3d 216, 41 Ill.Dec. 651, 407 N.E.2d 1149 (1980). This procedure results in "perfection" of the judgment lien and gives the judgment lien creditor priority over subsequent judgment creditors. *Cf. Kaiser–Ducett:* judgment creditor who delivered writ of execution [1] to sheriff in wrong county failed to perfect its lien and had no priority over other judgment creditors. Thus, the Court finds no basis for debtor's argument that plaintiff must have taken possession of debtor's property in order to prevail over the trustee as hypothetical lien creditor in bankruptcy.

■ In the instant case, after plaintiff had complied with the provisions of § 12–111 for obtaining a judgment lien by delivering a certified copy of the judgment to the sheriff for service on debtor, he additionally commenced a supplementary proceeding to discover assets of debtor. This supplementary proceeding, while perhaps appropriate to enforce plaintiff's judgment against other property of debtor, was not necessary to perfect plaintiff's lien against the property here at issue. Illinois case law is unsettled as to whether a lien may be obtained against intangible, as opposed to tangible, personalty by means of the procedure of § 12–111. *Cf. Marriage of Rochford* (lien on intangible property may be created only through filing credi-

tor's bill or instituting proceedings to discover assets) *with Kaiser–Ducett* (lien on intangible personal property is created by delivery of writ of execution to sheriff); *see also Asher v. United States*, 570 F.2d 682 (7th Cir.1978); *General Telephone Co. of Illinois v. Robinson*, 545 F.Supp. 788 (C.D.Ill.1982). The vehicles and promissory note here at issue, however, constitute tangible personal property (*see* Ill.Rev. Stat., ch. 26, ¶¶ 9–105(h), 9–105(i), 9–106) subject to execution under § 12–111. Upon delivery of the judgment to the sheriff for service on debtor, plaintiff obtained a lien on the property at issue sufficient to gain priority over subsequent lien creditors such as the trustee, who, as "ideal creditor," would be deemed to have completed the steps necessary for perfection of a judgment lien.

■ Since both plaintiff and debtor-in-possession as hypothetical lien creditor under § 544(a) held perfected judgment liens on debtor's property, the priority of their liens is determined under the principle of "first in time, first in right." *See Kaiser–Ducett.* Debtor again has cited no authority for its assertion that two such judgment lien creditors should be treated equally with regard to their liens on debtor's property. It is well-established that judgment liens are to be satisfied in the order of their priority, and liens of different judgments affecting the same property take rank and priority according to the time in which they were respectively entered or docketed. *Everingham v. National City Bank of Ottawa*, 24 Ill. 527, 17 N.E. 26 (1888); 23A Ill. L. & Prac. *Judgments*, § 437, at 238 (1979). Thus, when a judgment creditor has, like plaintiff in the instant case, perfected his judgment lien prior to bankruptcy, such lien creditor will take priority over the trustee whose lien arises under § 544(a) upon filing of the bankruptcy petition. *Cf. In re Brooks*, 71 B.R. 6 (W.D.Ky.1986): debts reduced to judgment lien prior to filing of bankruptcy petition will be protected despite trustee's status as lien credi-

---

1. Writs of execution were abolished by Ill.Rev. Stat., ch. 110, ¶ 2–1501, which provided that the function formerly served by these writs would be performed by a certified copy of the judgment or order.

tor under § 544; *see also Matter of Armando Gerstel, Inc.,* 65 B.R. 602 (S.D.Fla. 1986); *Matter of Feldman,* 54 B.R. 659 (Bankr.D.N.J.1985).

 Debtor argues finally that although plaintiff's judgment lien was perfected at the time of bankruptcy when the lien of the trustee in bankruptcy arose, the Court should recognize the trustee's lien as paramount under principles of equity. This argument is premised on debtor's representation that the bankruptcy estate has certain tax liabilities and administrative fees that will otherwise remain unpaid. As this Court has stated in another context, the bankruptcy court's powers as a court of equity do not allow it to rewrite specific provisions of federal and state law concerning the rights of a trustee or debtor-in-possession. *See In re Wiggs,* 87 B.R. 57 (Bankr.S.D.Ill.1988). The Court thus finds that plaintiff has a superior lien on debtor's vehicles and promissory note and rejects debtor's assertion that equity requires a contrary result.

For the reasons stated, IT IS ORDERED that judgment be entered in plaintiff's favor on his complaint and that the property subject to his lien be sold pursuant to § 363.