**In re Harry L. BUSH, III and Elaine G. Bush, Debtors.**

**Bankruptcy No. 95–31532(2)7.**

United States Bankruptcy Court, W.D. Kentucky.

Oct. 23, 1995.

Charles Friedman, K. Gail Russell, Louisville, KY, for Creditor.

Thomas W. Frentz, Louisville, KY, for Debtors.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Chief Judge.

This matter comes before this Court on the Objection of Creditor Mary Bush ("Creditor") to the homestead exemption claimed by the Debtors, Harry and Elaine Bush ("the Bushes"). Creditor has objected to the Bushes' claimed homestead exemption on the basis that the Bushes' debt owed to her arose prior to the purchase of the Bushes' homestead. In making this objection, Creditor relies on Kentucky's Homestead Exemption Statute, K.R.S. 427.060, which states that the homestead exemption shall not apply if the debt arose prior to the purchase of the homestead property. The Bushes, however, argue that this exception to the homestead exemption applies only to prior debts which have been reduced to a judgment lien against the property, which in this case did not occur.

This Court, having read the briefs filed by both parties and having considered the arguments of counsel for both parties as articulated at the August 15, 1995 hearing on this matter, resolves this issue in favor of Creditor with regard to the exemption claimed by Harry L. Bush, finding that Creditor's claim need not be reduced to a judgment lien to come within the exception to Kentucky's

homestead exemption pursuant to K.R.S. 427.060. With regard to Elaine G. Bush's claim, however, this Court finds that the record is devoid of any evidence as to a debt owed by Elaine G. Bush to Creditor. Thus, Creditor has no claim to assert against Mrs. Bush. Accordingly, Creditor's Objection to the Bushes' claimed homestead exemption is sustained in part and overruled in part.

### FACTS

The Bushes filed for protection under Chapter 7 of the Bankruptcy Code on May 10, 1995. Creditor Mary Bush, Mr. Bush's former spouse, was listed as an unsecured creditor in Schedule F. The debt was in conjunction with a demand Note executed by Harry L. Bush and Mary Bush as a result of losses incurred by a construction company operated by Harry L. Bush. Mr. Bush agreed to assume this debt in the Property Settlement Agreement with Mary Bush and to hold her harmless from any liability thereon. This debt arose during the marriage of Harry L. Bush and Mary Bush. Although Mary Bush has objected to the claim of exemption of Elaine G. Bush, there is no evidence to indicate any liability of Elaine G. Bush to the Creditor on this Note prior to the acquisition of the homestead.

The Bushes have claimed a homestead exemption under K.R.S. 427.060 in real property located at 301 Pencross Place, Louisville, Kentucky. Both Mr. and Mrs. Bush have each claimed the maximum homestead exemption of $5,000.00 allowed under K.R.S. 427.060, for a total exemption of $10,000.00.

Creditor timely filed an Objection to the Bushes' claimed homestead exemption on the basis that her claim arose prior to the Bushes' purchase of their Pencross Place property. It appears from the record that the indebtedness to Creditor did in fact arise prior to the purchase of the property. It is also evident that Creditor does not have a lien of record against the property.

### LEGAL DISCUSSION

■ The Bushes assert their homestead exemption pursuant to K.R.S. 427.060, which reads:

427.060. Homestead and burial plot exemptions—Exceptions.—In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed five thousand dollars ($5,000.00) in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon. *This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon.* (Emphasis supplied.)

The language of this statute is unequivocally clear. Each person is entitled to an exemption of $5,000.00. However, if the debt or liability arose prior to the purchase of the property, the individual is not entitled to claim a homestead exemption as against that debt or liability. K.R.S. 427.060. This has been the long-standing rule in this District. *See In re Kincaid,* 55 B.R. 652 (Bankr. W.D.Ky.1985). This Court held in the *Kincaid* decision that the debtor could not exercise his homestead exemption if it was determined that the debt arose "prior to the purchase of the land or the erection of the improvements thereon." *Id.* at 653. This Court notes that the creditor's debt in the *Kincaid* case was not secured by a lien. Moreover, in reaching the holding in that case, this Court did not distinguish between debts secured by liens and those not so secured.

The Bushes argue, however, that because Creditor did not execute a judgment lien against the property prior to the filing of the Bushes' bankruptcy petition, "her claim does not preclude debtors from claiming the homestead exemption" (Debtors' Memorandum Opposing Unsecured Creditor's Objection to Homestead Exemption at 2). In support of this argument, the Bushes rely solely on *In re Brooks,* 71 B.R. 6 (W.D.Ky.1986), *aff'd* 817 F.2d 104 (6th Cir.1987), which they cite for the proposition that only prior debts which are reduced to a judgment lien are to be protected from the homestead exemption.

■ This Court has carefully reviewed the *Brooks* case and finds that it does not stand for the proposition espoused by the Bushes.[1] The dispute in the *Brooks* case arose when the debtor moved to avoid a judicial lien pursuant to § 522(f) of the Bankruptcy Code. The *Brooks* case simply does not address the *availability of the homestead exemption* as against debts created prior to the purchase of the "homestead" property. Rather, the *Brooks* case addresses the *priority relationship* between the Trustee, who, under § 544 of the Bankruptcy Code, is treated as having a judgment lien on the property as of the date the bankruptcy was filed, versus a creditor who did not have a lien as of that date. *Id.* The *Brooks* case states: "Clearly the Trustee's status as a lien creditor under Section 544 of the Bankruptcy Code will operate to cut-off the rights of a creditor who has not obtained a lien on the property prior to the filing of the bankruptcy petition." *Id.* at 8–9. The language upon which the Bushes so heavily rely immediately follows that sentence: "Therefore, only prior debts reduced to a judgment lien will be protected." *Id.* That sentence refers to the sentence immediately preceding it and is thus limited in its scope to the priority status to be accorded a creditor as against the Trustee who, under § 544, is treated as having a judgment lien as of the date the bankruptcy was filed. *See In re Lawson,* 69 B.R. 103, 105 (Bankr.W.D.Ky.1987) (Interpreting the *Brooks* holding); *See also In re Salem Energy Supplies and Services, Inc.,* 92 B.R. 361, 363–64 (Bankr.S.D.Ill.1988) (Also interpreting the *Brooks* holding). The *Brooks* case simply does not address the ability of *a debtor* to assert his homestead exemption against a creditor with a prior claim, secured or unsecured. Moreover, the decision does not state that the prior debt must be secured by a lien in order to come within the exception of the homestead exemption. Thus, the *Brooks* case is clearly not dispositive of the case at bar.

Accordingly, this Court finds that it was not necessary for Creditor's claim to have been secured by a judgment lien in order to come within the exception to the homestead

exemption. The indebtedness of Harry L. Bush owed to the Creditor arose prior to his purchase of an interest in the Pencross Place property. Thus, pursuant to the unequivocal language of K.R.S. 427.060, he cannot assert a homestead exemption as against Creditor's claim. His inability to assert an exemption does not, however, impact in any way the ability of Elaine G. Bush to claim her $5,000.00 homestead exemption. The Trustee shall administer the $5,000.00 for the benefit of all creditors whose debts arose prior to the acquisition of the homestead by Harry L. Bush.

### CONCLUSION

For the reasons set forth above, this Court by separate Order sustains Creditor Mary Bush's Objection to the homestead exemption claimed by the Debtor, Harry L. Bush, and overrules the Objection as it applies to the exemption claimed by Elaine G. Bush.

### *ORDER*

Pursuant to the attached Memorandum–Opinion,

IT IS ORDERED that the Objection of Creditor, Mary Bush, to the homestead exemption claimed by Debtor, Harry L. Bush, be, and hereby is, **SUSTAINED** and the Objection of Creditor, Mary Bush, to the homestead exemption of Elaine G. Bush be, and is, hereby **OVERRULED.**

IT IS FINALLY ORDERED that the Trustee shall administer the $5,000.00 for use and benefit of all creditors whose claim arose prior to the acquisition of the homestead by Harry L. Bush.

This is a final and appealable Order, there being no just cause for delay.

---

1. On rare occasions the annotations following the Kentucky Revised Statutes misconstrue the holdings of cases interpreting particular statutes. This is one of those instances.